## COMMONWEALTH *vs.* EAST BOSTON FERRY COMPANY.

An indictment against carriers of passengers, under Gen. Sts. *c.* 160, § 34, to recover the penalty therein provided in case the life of a passenger is lost through their negligence or that of their servants, may be found at any time within six years.

Such indictment, by describing the deceased as of Boston in the county of Suffolk and Commonwealth of Massachusetts, and by alleging that A. B., otherwise called A. B. the younger of that name, of said Boston, has been duly appointed and now is administrator of said deceased and of his goods and estate, sufficiently shows that letters of administration were taken out in this commonwealth, and describes the administrator with sufficient certainty.

If such indictment alleges that the defendants were common carriers of passengers for hire in a steamboat, and that the deceased was a passenger for hire in said steamboat, no further averments relating to their tolls are necessary, and the indictment is not subject to demurrer for the reason that such further allegations may be defective.

INDICTMENT found in December 1865, alleging, at considerable length, in substance, that in June 1864 the defendants, a corporation, were " proprietors of a certain steamboat employed by said corporation as a ferry-boat for the transportation of persons, horses, cattle, carriages, wagons, goods and merchandise, and to collect and receive such tolls as the mayor and aldermen " of Boston " for the time being should determine," between Boston and East Boston ; and were also proprietors of a certain drop, connected with the landing-place at East Boston ; " and said corporation were then and there common carriers for hire of passengers in said steamboat, and upon and over said drop," between Boston and East Boston ; and the drop, by the defendants' negligence in its construction, was unsafe and dangerous; and " Thomas A. Burns of Boston in the county of Suffolk and Commonwealth of Massachusetts was a passenger for hire on board said steamboat," from Boston to East Boston ; and the defendants received him as a passenger to be transported for hire from Boston to East Boston ; and he was killed by reason of the dangerous condition of the drop ; and " John Vose, otherwise called John Vose the younger of that name, of said Boston, has been duly appointed and now is administrator of said Burns, deceased, and of his goods and estate ; " with other averments, the sufficiency of which was not questioned.

The defendants demurred to this indictment, assigning the following causes of demurrer:

1. In the only count therein contained, there is no averment that the John Vose, otherwise called John Vose the younger of that name, took out letters of administration in this commonwealth.

2. That the averment in said count that "John Vose, otherwise called John Vose the younger of that name," is uncertain informal and illegal.

3. The averment in said count relative to such tolls "as the mayor and aldermen of the city of Boston for the time being should determine," is insufficient and uncertain.

4. Said count is insufficient in this: it is nowhere alleged that the mayor and aldermen of the city of Boston ever established and determined any rate of tolls between the main land in the city of Boston and the island of East Boston, mentioned in said count."

The defendants also pleaded the statute of limitations. But *Putnam,* J., overruled both the demurrer and the plea, and a verdict of guilty was taken, and the case was reported for the determination of this court.

*A. A. Ranney,* for the defendants.

*Reed,* A. G., for the Commonwealth.

WELLS, J. It has been decided that the limitation provided in Gen. Sts. *c.* 155, § 20, (Rev. Sts. *c.* 120, § 21,) does not apply to proceedings by indictment. *Commonwealth* v. *Boston & Worcester Railroad,* 11 Cush. 512. The limitation contained in Gen. Sts. *c.* 63, § 99, was first introduced by *St.* 1853, *c.* 414. It is there made to apply exclusively to railroad corporations. By the revision of the General Statutes the provisions of *St.* 1840, *c.* 80, are incorporated in *c.* 160, § 34, omitting railroads from among those carriers of passengers especially mentioned. This section as it stands applies to all common carriers of passengers, but the chapter contains no limitation of time within which the penalty may be enforced. It is argued for the defendants that the limitation to one year, of "indictments against a corporation for loss of life," contained in Gen. Sts. *c* 63, § 99, is in terms

without qualification, and therefore applicable to all corporations alike. If this section stood alone, or in a chapter upon limitations, or other provisions of a general application, such would be its necessary construction. But the general language of this provision must be interpreted with reference to its collocation, as well as to its origin as before mentioned. In the General Statutes it stands in a chapter devoted exclusively to railroad corporations, and entitled " Of Railroad Corporations." It is to be noticed also that in the two preceding sections, which impose penalties in certain specified cases for loss of life by negligence, there is the same omission to insert the word " railroad " before the " corporation " which is to be subjected to the penalty. But there can be no question that those two sections were intended to apply only to railroad corporations. It is apparent, therefore, that the omission of the qualifying prefix " railroad" in the 99th section, as in the two preceding, was simply to avoid unnecessary repetition, and not with any intent to enlarge the operation of that provision as it stood in *St.* 1853, *c.* 414, § 3. That this restricted operation of the limitation accords with the legislative construction, is indicated by the fact that when a similar penalty was imposed upon street railway corporations, the limitation was applied by express enactment, restricted to street railways. *St.* 1864, *c.* 229, § 38. We are of opinion, therefore, that the legislature have enacted no limitation short of six years for indictments under Gen. Sts. *c.* 160, § 34.

There are several grounds of demurrer.

*First*, that it is not alleged that Vose was appointed administrator in Massachusetts. But it is alleged that Burns resided and lost his life in Boston, and that Vose is of Boston, and " has been duly appointed and now is administrator of said Burns." The reasonable implication is that such appointment was made in this state. In *Commonwealth* v. *Sanford,* 12 Gray, 174, relied on to sustain this demurrer, the facts were the reverse of the present case.

*Secondly,* that " John Vose, otherwise called John Vose the younger of that name," is " uncertain, informal and illegal." We do not see that there is force in this objection; nor that

the " alias dictus " may not properly be rejected as surplusage.

*Thirdly,* that the averment relative to such tolls "as the mayor and aldermen of the city of Boston for the time being should determine " is insufficient and uncertain ; and

*Fourthly,* that there is no allegation that tolls had ever been so established.

But neither of these allegations is material or necessary to the support of the indictment. It is alleged that the defendants were carriers for hire, and that Burns was a passenger for hire. These allegations sufficiently show the relation of the parties, and the liability of the defendants under the statute.

*Exceptions overruled.*